IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE EX REL
## DARRELL W. LUNSFORD v. HOWARD CARLTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. 5185     Robert E. Cupp, Judge**

**No. E200-01259-CCA-R3-HC - Filed August 9, 2010**

JOSEPH M. TIPTON, P.J., dissenting.

### DISSENTING OPINION

I respectfully dissent from the conclusion that the incorrect release eligibility date (RED) was not a material part of the plea agreement. I do not believe the record justifies such a conclusion without an evidentiary hearing. I also do not believe that the habeas court should be the forum to determine whether the Petitioner should be entitled to withdraw his plea. Once the habeas court determines that an illegal sentence has been imposed and vacates the judgment of conviction, what then occurs in the original case should be left to the convicting court to decide.

At the guilty plea hearing, the trial judge went into detail explaining to the Petitioner his release eligibility after serving 30% of the sentence, less 40% of that as early release then existing because of prison crowding. In fact, though, the RED did not apply to him, and he was not told the lack of release that applied. The Petitioner should be entitled to move to withdraw his plea and explain why such should be allowed. The convicting court is then in the best position to decide the merits, if any, of the Petitioner's motion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE